IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ODELL CANNON** | : | **CIVIL ACTION** |
| v. | : | |
| **JONATHAN C. MINOR,** | : | |
| Warden, USP Allenwood | : | NO. 07-cv-3039 |

## MEMORANDUM AND ORDER

    Cannon pled guilty in the Court of Common Pleas of Chester County in 1997 to three felony counts (simple assault; possession with intent to deliver; and, aggravated assault). Cannon was later convicted in the United States District Court for the Eastern District of Pennsylvania in 06-cr-258-1, on charges of being a felon in possession of firearms and body armor. At petitioner's sentencing in 06-cr-258-1, the Eastern District court considered the Chester County conviction in order to conclude that Cannon was an "armed career criminal," leading to the imposition of a more severe sentence in 06-cr-258-1.

    On June 25, 2007, Cannon filed a petition in the United States District Court for the Middle District of Pennsylvania stating that he was seeking Habeas Corpus relief pursuant to 28 U.S.C. §2254; this petition was solely an attack on the 1997 Chester County conviction and/or sentence. Cannon claimed in this petition that he was seeking §2254 relief. His argument in this June 25, 2007 petition alleged:

    1.    ineffective counsel with respect to allegedly involuntary and unknowing guilty plea in Chester County; and,

    2.    ineffective counsel with respect to the Chester County sentencing phase.

    These are clearly claims that petitioner's rights, guaranteed by the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution, have been violated, for which

1

relief is available pursuant to 28 U.S.C. §2254, but for some reason that this court does not fully understand, the Middle District re-characterized this as a petition pursuant to 28 U.S.C. §2241 before transferring it here.

Cannon is currently incarcerated in a federal correctional facility. Pursuant to AEDPA, a prisoner must be "in custody" to bring either a §2241, a §2254, or a §2255 habeas. There is, however, a judicially created exception to the "in custody rule" called the "collateral consequences rule." Carafas v. LaVallee, 391 U.S. 234 (1968).[1] This "collateral consequences" rule also allows a prisoner in custody for a later, and different, conviction, to challenge a prior conviction and/or sentence, for which he is not currently in custody, if the prior conviction and/or sentence was used as an exacerbating factor for imposing greater punishment in the later conviction and/or sentence. Coss v. Lackawanna County District Attorney, 204 F.3d 453 (3d Cir. 2000).

This court is of the view that this petition should be immediately re-characterized as a 28 U.S.C. §2254 petition, as petitioner originally requested.

We also note that contrary to the Eastern District's Local Civil Rule 9.3(b) and Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, this petition was not filed with the requisite <u>current</u> standard Eastern District 28 U.S.C. §2254 form, prescribed by this Court, effective December 1, 2004. Aside from the dictate of the aforesaid rules of court, use of this Court's current standard form in 28 U.S.C. §2254 habeas cases is necessary so as to guarantee that Petitioner is made

---

[1] Although it was decided decades before the enactment of AEDPA in 1996, the rule in Carafas remains "good law" with respect to habeas petitions filed pursuant to AEDPA. Spencer v. Kemna, 523 U.S. 1 (1998).

aware of the specific warnings required from this Court at the commencement of any 28 U.S.C. §2254 habeas case pursuant to USA v. Thomas, 221 F.3d 430 (3rd Cir. 2000) (which relates to the **_strict and short_** statute of limitations in 28 U.S.C. §2254 cases, created by 28 U.S.C. §2244(d); and, Mason v. Meyers, 208 F.3d 414 (3rd Cir. 2000) (which relates to the **_strict_** restrictions, created by 28 U.S.C. §2244(b), on a District Court's ability to consider a "second or successive" 28 U.S.C. §2254 petition). These specific Thomas and Mason warnings are contained in the introductory text of this Court's aforesaid current standard form. Whereas this Court is required by the Third Circuit's language in the Thomas and Mason decisions to give petitioners in §2254 cases these Thomas and Mason warnings at the time of filing, this court cannot "waive" the form requirements of Local Civil Rule 9.3(b).

Petitioner has requested leave to proceed _in forma pauperis_ but has not furnished the court with the complete _in forma pauperis_ application form, including the requisite **_current, up-to-date_** certification of prison assets **_signed by a prison official_**.

Accordingly, this 31st Day of July 2007, it is hereby ORDERED as follows.

1.  07-cv-3039 is **_re-characterized_** by this court for all purposes as seeking relief pursuant to 28 U.S.C. §2254, and **_not_** pursuant to 28 U.S.C. §2241.

2.  The Clerk of this Court shall furnish Petitioner with a blank copy of this Court's current standard form for filing a petition pursuant to 28 U.S.C. §2254 (bearing the above-captioned civil action number).

3.  Petitioner shall **complete** this court's current standard form as directed by

3

Local Civil Rule 9.3(b) and Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (that is, by setting forth the core of his argument on the form itself, without recourse to attachments), and <u>return</u> it to the Clerk of Court within thirty (30) days, together in the same envelope with ***either*** a completed *in forma pauperis* application form; ***or***, a check for five dollars.

4. Failure to comply with this Order shall result in the dismissal of this civil action.

*[signature]*
J. CURTIS JOYNER, U.S. District Judge

4